The next case on the argument calendar is United States v. Rios-Lopez Good morning, Your Honor. It's Vince Branca, Federal Defenders, on behalf of Mr. Rios. The clear trend which now represents the majority view is that there is no attempt offense when an individual can prove that they voluntarily abandoned the effort to commit the offense under circumstances that manifest a complete and voluntary renunciation of that offense. Counsel, how could we hold that abandonment is a necessary component of classic attempt when the Ninth Circuit has held that under Federal law abandonment is not an element of attempt? In other words, how could we hold that a Federal attempt that does not recognize abandonment qualifies, but a State conviction, attempt conviction, that does not recognize abandonment does not? Well, first of all, I dispute the characterization that this Court has affirmatively held that there is no voluntary abandonment under any circumstances. But the more critical answer, the more critical answer, though, is under a tailored categorical analysis, you look to the definition of most States and not to any particular Federal statute. Meaning, Taylor itself says, when we try to find the common definition of an offense, we look to how that is defined in the codes of most States. In 26 States, their legislatures have affirmatively put in their codes this voluntary abandonment or renunciation offense, defense to an attempt charge. So it's there in the majority of jurisdictions throughout this country. The fact, it's not codified either way in the Federal code. And in this respect, the courts, different circuits have struggled with the issue. Some have said, well, even assuming that this defense is recognized, it doesn't, it's not a defense in this particular case, on these particular circumstances. There's only a single circuit that's actually applied that defense and upheld it. Pardon me? Is there a single circuit that has recognized that defense and upheld it in the particular case? On a particular case? There are cases that say, in essence, we don't have to decide the issue because the facts of our particular case don't require that. I haven't found a circuit that has recognized the defense. I haven't found a circuit that has said, yes, this particular person. But the Federal system under a Taylor analysis is just one jurisdiction. Taylor clearly says, we look to the jurisdictions of most States to see what's in their codes. And in those codes, 26 States have said, there is a defense of voluntary renunciation. And even Lafarge states that this is the view that should be adopted, meaning we should encourage people, if they have taken that last act, if they have second thoughts, to stop their actions and go away. And really, at the heart of a Taylor analysis, what you're looking at is, does the conduct in one State, for example, California, does the most egregious conduct there, would that constitute an offense when it wouldn't in the majority of States? And that's what's going on here. If you're in most States around the country, and let's take one of the California cases where the person is in front of the door with a gun waiting for the person to come out. If he were to have said, well, I don't want to do this, walked away, threw away the gun, but someone had seen him and he was later arrested, he would be, he would have no defense to that charge. He would be guilty of attempt. If he is in one of the jurisdictions that do recognize this defense, the majority of jurisdictions, like the Johnson case, and in the Johnson case, a person was hiding underneath a car with a loaded rifle waiting for someone to come out of a bar. He waited there for a while, and then he said, you know what, he unloaded his gun, put the gun down, started talking to other people, and had not had the intent to kill the person anymore. That, the Johnson court said, he was entitled to run this defense, as he would have been in all these 26 other jurisdictions. And actually there's three more because it's been recognized by three State courts also. So this, while this may not have been a common law defense, it has been codified and accepted in the majority of jurisdictions. And that's exactly what Taylor looks for, the majority of jurisdictions. And I would like to point out that the recent case of Charles did not decide this, and it's for two reasons. First of all, that was on plain air, and they were specifically relying on the fact that, on the affirmative defense's claim, that Charles could not point to any controlling authority. And I don't think either party has pointed to the controlling authority here. It's just, what does the Taylor analysis dictate? Whether or not do you focus just on elements, or do you focus on actual conduct? And I think the Supreme Court case is starting with Taylor, saying that you look to the conduct. Duaneus Alvarez continued that theme. What you have to prove under a Taylor analysis is, is the conduct that's prohibited by the State somehow different from what's done in the majority of jurisdictions. Let me ask you this, and I think it's the same question that you're addressing, but I've got slightly different terms for it. The normal way the Taylor test is articulated is, what are the elements of the generic crime? But do we include within elements defenses? If so, why? I think why that's there is, normally, that's what we look at. We look at elements. But they're also, in Taylor, in many of the cases, Ombank, Corona-Sanchez, it also says, we look at the conduct, the actual conduct that these elements prohibit. And when you look at California assault, it criminalizes the conduct of going past a certain point. They call it the slight act. The federal system calls it the substantial step. And once you get to that conduct, that point, you can't go back. The majority of jurisdictions, if you had further conduct of saying, nope, I don't want to do this, I voluntarily withdraw from this, it's not because the police are out to get me, it's not because I think it's going to be difficult to do it, but I just don't want to do it anymore, the majority of states recognize that defense. And that's why it's conduct-based. So one way to say it is, an element of the crime, as you would like the generic crime to be defined, is a preparatory step without later abandonment. Well, you've actually taken, you've taken either a substantial step, but then you later abandon that voluntarily. I think that's what I mean, is to say the element, as you would like to define it, we can call it an element. An element of attempt is a substantial step without later abandonment. That's the way that feeds the defense into an affirmative statement of element or a qualification of the element. You could do that. You could look at the government's own brief on page 9, and they say, this is a quote from their brief, if the statute of conviction includes elements or conduct that do not fall under the generic definition, the statute will be deemed categorically overbroad. So say. Well, then, counsel, am I correct in inferring from your argument that you would contend that a person who had been convicted of attempted murder under Federal law within the Ninth Circuit and had his or her conviction affirmed by the Ninth Circuit would nevertheless not qualify in this immigration context because the Federal crime of attempt was not generic? I'm not sure I understand the question, but I'm not placing Federal. I think Federally, it's unclear whether or not Federal attempt is generic or non-generic. What I do know is California law is, California is one of those states that affirmatively, I think one of nine, only one of nine that affirmatively rejects this defense. There's 26 statutes and three more states by courts that affirmatively said this defense exists. Based on that, I'm saying at least California is not in line with the majority view. I think there are, including the Federal system, there are several states that the law is just not clear on which side they would take. Why don't we hear from the other side and then we get a chance to respond. And I think you're going to get a chance to say the same thing in the next case. Good morning. May it please the court, Christopher Alexander from the United States. The appellant raises two issues on appeal and I think what we, certainly the panel focused on was the first of those two issues. Looking at something that was pointed out by Judge Singleton, in United States versus Busby, the Ninth Circuit did say, quote, a voluntary abandonment of an attempt which has proceeded well beyond preparation is here, will not bar a conviction for attempt. And that's at page 31 of the United States' brief. It's something that is universally accepted, that at least in the Ninth Circuit. Universally accepted under Federal law? Under Federal law. Federal law in the Ninth Circuit, much as we might like it to be universal, it might not be. Well, I think as pointed out in some of the other cases that were cited in the Sixth Circuit as well as the First Circuit and the Eleventh Circuit, so far there hasn't been an appellate court that has recognized the defense of voluntary abandonment. Under the Federal statute. Under the Federal statute. What do we do, and this is, I guess, a version of Judge Singleton's question. If the question for us is, what is the generic definition, what if we find, and I'm now going to change the facts a little bit, that, you know, 48 states recognize the defense, Federal statute does not. Does the fact that the Federal statute does not tell us that that's the generic offense? No. No. So what do we look to to find out what's the generic offense? Well, you look to what is a majority of the jurisdictions. And the problem that we have here is that a majority of the jurisdictions does not lay out the same affirmative defense. For example, in United States v. Charles, one of the reasons that the defense argued that there was a difference between the California statute and the generic definition for entrapment is that there was a difference in the allocations of the burdens of proof. Within the government's brief, the government cites at least 12 separate states that provide a different allocation of burdens of proof, some regarding the affirmative defense of voluntary renunciation. Some provide that the burden is upon the defendant. Some provide that the burden is on the government. Again, pointing out that there are distinctions. In addition to those distinctions, some of the jurisdictions also note that there are points at which voluntary renunciation simply cannot occur. Once an individual has been harmed in some manner, that is simply not available. And that's completely different from what the Model Penal Code says, and also some of the other jurisdictions. Why should we care what the Model Penal Code says? Well, certainly the Model Penal Code can provide a guide as to what is the generic definition. My understanding of the timing is that most of the changes in criminal law with respect to abandonment of attempt have taken place by statute, and they've done so after the Model Penal Code was drafted. Correct. So Model Penal Code, what does that tell us, given the change of law since the Model Penal Code was drafted? Well, I would say it doesn't tell us much, because certainly the Model Penal Code provides a very broad definition of what is an attempt. For example, in United States v. Surveyor Velasquez, the court there recognized that the definition under the Model Penal Code for what is an attempt is very broad when compared to that of the California definition for attempt. So when you look at one of the things that the appellant points out is that California doesn't adopt this voluntary renunciation. Well, it does in a different manner. And as pointed out in the government briefing, there actually is a jury instruction that deals with this. But even more to the point, the definition for attempt is very narrow in California. So that an individual that actually is renouncing or that is merely preparing simply can't be convicted of the offense in the first instance. So when you look at the actual definition under California law. Actually, the language in the statute in California is very broad. The application of slight may be narrower than what the language of the California law is. Correct. And certainly in the application by the appellate court in Decker, that decision definitely narrows what the definition is. And one of the things that the appellant points out in its most recent filing of the court is that the Decker court did not consider the cases of Morales or Parrish. And also makes citations to a variety of cases involving attempted robbery under the federal code. And looking at those instances themselves, specifically for the case that was decided in Decker, Decker actually provides a case citation to people versus Morales. So certainly the appellate court was aware in United States versus Saavedra, Velazquez, that that case existed because it did cite Decker extensively in its decision. What's your count of the number of jurisdictions that allow abandonment as a defense to attempt in some form? I understand that there's variation among. But what's your count as the total number of jurisdictions that allow abandonment as a defense in some form? Well, in some form, it would be consistent with what the appellant indicated. That there were about 29 different jurisdictions that recognize it in some form. And California does not recognize it in any form. Well, again, I wouldn't necessarily agree with that because there is a statement, a jury instruction on that particular issue. And that jury instruction states, you're going to have to help me, remind me. Okay. Within the United States briefing, it actually points out that there is a jury instruction on that issue. And it's actually pointed out in the government's briefing at page 33. Yeah. And if you could just read me the instruction, if it's not too much trouble. Okay. Your Honor, actually, within the briefing itself, I can't locate the instruction right now. But the idea here is that, again, it provides that there is an instruction. And it's under CALCRM number 600. And in particular, I've located it. On the other hand, if a person freely and voluntarily abandons his or her plans before taking a direct step towards committing the murder, then that person is not guilty of attempted murder. And that's an instruction coming from California law. Now, is that a CALGIC instruction? I mean, what status does that have? It's a CALCRM instruction. So under the more recent definition of the criminal offenses. But it's not in the statute? It's not in the statute. And how authoritative is jury instruction in terms of as a statement of law? Well, certainly, it's been adopted by all California jurisdictions. And is it broader than merely attempted murder? Is it for all attempt? Well, there's another instruction. And it's a CALGIC 6.02. And there's another instruction that deals with voluntary renunciation there as well. And would you read that, too, if you haven't? If a person intends to commit a crime, but before committing any act towards the ultimate commission of the crime, freely and voluntarily abandons the original intent and makes no effort to accomplish it, that person has not attempted to commit the crime. As you say, before attempting any act. In other words, before there's been an attempt. As I understand California law, if you make no act toward the accomplishment, there's no attempt. Right. And this says, if you abandon before any attempt, there's no attempt. Well, I understand that. That's consistent with the definition of attempt, irrespective of abandonment. Well, and again, it gets back to how have the California courts defined attempt? And they've defined it very narrowly as far as there being an act. It has to be a direct and effectual act. And at that point, it's different from what the model penal code describes as what would encompass an actual violation. What the model penal code does is it describes things very broadly, including lying in wait among its various definition terms, which something in California it simply would not qualify. So as a result, that narrow definition under California law provides that when there is any act, that that act actually has to be something that constitutes the commission of the offense. So it's a different standard than that under the model penal code or some of the other jurisdictions that are out there. Okay. And finally, we would point out that we shouldn't even get to this point because United States v. Charles has decided this issue. Okay. Any further questions from the bench? Okay. Thank you. Counsel? I'd like to make two quick points. First of all, as to the CalCrim jury instruction, counsel did quote the first part correctly. If a person freely and voluntarily abandons his or her plans before taking a direct step towards committing an offense, then that person is not guilty of attempted murder. Again, they have the direct step, which is like the substantial step. But later in that same instruction, it is clear that the voluntary abandonment defense is not there. It says, a person who attempts to commit murder is guilty of attempted murder, even if after taking a direct step toward killing, he or she abandons further efforts to complete the crime. So the question is definition of direct. Which I think goes to the same slight substantial step. Unless we were to, unless the defense were to win that slight acts is different from substantial steps, which this court has already been decided, direct step is in that same core meaning. They use direct step and slight act interchangeably also. The other last point I'd like to make is, as far as the majority view, what our basic contention is this. Regardless of who has the burden of proof, like to take the most erroneous circumstances, that is, defendant has the burden of proof to prove this defense and it cannot occur after injury. Taking those circumstances aside, it is 29 jurisdictions that accept the defense. Okay, thank you very much. Case of United States versus Rios Lopez now submitted for decision.
judges: Singleton, Fletcher W. , Clifton